**LOCAL OFFICIAL FORM NO. 14**

**UNITED STATES BANKRUPTCY COURT
FOR DISTRICT OF DISTRICT OF COLUMBIA**

In re: :  Case No. **19-00003**
: Chapter 13
:
**Mark Fam** , :
: Hearing Date: 6/18/21
Last 4 digits of Soc. Sec. No. 3298 , and :
: Date of Plan: 5/12/21
  ,  :
: **Deadline for Filing Objections to Plan**
Last 4 digits of Soc. Sec. No. : **and Mailing Copies to Trustee, the**
: **Debtor(s), and counsel for the Debtor(s):**
Debtor(s). : **21 Days After Date of Plan**
:

## CHAPTER 13 PLAN & NOTICE OF DEADLINE TO OBJECT TO CONFIRMATION

☐ Original Plan   ☐ Amended Plan   ☑ Modified Plan (modifying a confirmed plan)

**1.    GENERAL PLAN PROVISIONS.**

The term "Debtor" herein includes both Debtors if this is a joint case.  The Debtor proposes the following Chapter 13 Plan (the "Plan") and makes the following declarations.  **WARNING:  In order to make this Plan effective, the Debtor must mark one and only one box in each Section A, B and C below.**  The check marks in the boxes below will override any contrary provisions in the rest of the Plan.  This Plan:

A.    ☐ does not contain any nonstandard provisions.  OR
      ☑ does contain nonstandard provisions.  They are stated in Section 10 below.

B.    ☑ does not limit the amount of a secured claim. OR
      ☐ does limit the amount of a secured claim based on the value of the collateral securing the claim as stated in Section 6(A) or 6(B) below.  Any such attempt to limit the amount of a secured claim will be pursued by way of a Motion or Objection to Claim as noted in Section 6.

C.    ☑ does not avoid a security interest or lien.  OR
      ☐ does avoid a security interest or lien as stated in Section 6(A) or 6(B) below. Any such avoidance will be pursued by way of a Motion as noted in Section 6.

**2.    NOTICES.**

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

   **A.   Notice to Creditors.**

**Your rights may be affected by this Plan.  Your claim may be reduced, modified, or eliminated.** *Section 1 above may identify Sections that may be of particular importance.*

**If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file an objection to confirmation of the plan within 21 days after the date of the plan, with a certificate of service reflecting mailing of the objection to the Chapter 13 Trustee, the Debtor, and the attorney for the Debtor.**

The Court may confirm this Plan without further notice if no objection to confirmation is filed. **You may need to file a timely proof of claim in order to be paid under the Plan.**

    **B. Notice to Debtors**

This form lists options that may appropriate in some cases, but not all cases. Just because an option is listed on the form does not mean that it is appropriate for you as the Debtor. Plans contrary to the local rules and Court rulings may not be confirmed.

3. **PLAN TERMS.**

**Regular payments:**

The Debtor's future earnings are submitted to the supervision and control of the Chapter 13 Trustee, and the Debtor will pay as follows (mark and complete <u>one</u> of A or B below).

☐ A.  $_____ per month for a term of _____ months. OR
      `$18,900.00 total for the first 26 months`

☑ B.  $ **100** per month for **24** month(s),
      $_____ per month for ____ month(s)
      for a total term of **50** months.

The Debtor must make monthly payments commencing no later than 30 days after the petition date. The Debtor will make payments as follows. (Check **all of the following** that apply.)

☐ The Debtor will make payments pursuant to a payroll deduction order. **The Debtor is responsible to make payments to the Trustee until any payroll deduction order is in effect.**

☑ The Debtor will make payments directly to the Trustee.

☐ Other _____

**Income Tax Returns and Refunds:**

Unless otherwise directed by the Chapter 13 Trustee, the Debtor will supply to the Chapter 13 Trustee a copy of each income tax return that the Debtor files during the Plan term within 14 days of filing the return.

The Debtor will treat income tax refunds as follows:

☑ The Debtor will retain any income tax refunds received during the Plan term.

☐ The Debtor will turn over to the Trustee all tax refunds received during the Plan term, not later than 30 days after receipt.

**Additional Payments:**

☐ None. ☑ The Debtor will make additional payments to the Trustee from other sources specified below. (Describe the source, estimated amount and date of each anticipated payment.)

`See Section 10.`

4. **TREATMENT OF CLAIMS.**

**Effect, on Debtor's Right to a Discharge, of Non-Payment of a Claim That the Plan Provides Will be Paid Directly.** The Debtor will not be denied a discharge based on non-payment of a claim (or portion thereof) that the Plan provides is to be paid directly by the Debtor but the claim (or portion thereof) that was to be paid directly will not be discharged.

**Trustee Commission, Domestic Support Obligations, and Administrative Claims (and Other Claims) Described in 11 U.S.C. § 507(a)(1) and (2):** From the payments made to the Chapter 13 Trustee, the Trustee shall be paid the allowed fee under 11 U.S.C. § 1326(b)(2) and will make distributions in the order listed pursuant to Local Rule 3015-5 unless otherwise ordered by the Court. Any deviation from the order of distribution must be set forth in Section 10, Non-Standard Provisions. Allowed claims entitled to priority under 11 U.S.C. § 507(a)(1) and (2) will be paid in full unless a nonstandard provision provides otherwise.[1] Their order of payment is governed by Local Rule 3015-5. Any interest required to be paid on administrative claims for taxes shall be governed by 11 U.S.C. § 511.

    A. **Claims Entitled to Priority Under 11 U.S.C. § 507(a)(3)-(10).**

---

[1] Section 1322(a)(2), with exceptions of rare applicability in § 1322(a)(2) itself and 1322(a)(4), requires full payment of claims entitled to priority under § 507(a).

The following are the anticipated priority claims listed in 11 U.S.C. § 507(a)(3) – (10) in this case:

| Priority Creditor | Expected Claim Amount |
|---|---|
| -NONE- | |

(Check one box.)

[✓] All allowed claims entitled to priority under 11 U.S.C. § 507(a)(3) – (10) will be paid in full unless a non-standard provision in Section 10 provides otherwise.

[ ] Unless a non-standard provision in Section 10 provides otherwise, allowed claims entitled to priority under 11 U.S.C. § 507(a)(3) – (10), other than § 507(a)(8), will be paid in full, with post-confirmation interest of __0.00__ % per annum. Unless a non-standard provision in Section 10 provides otherwise, all allowed claims entitled to priority under 11 U.S.C. § 507(a)(8) will be paid in full, with post-confirmation interest at the rate of interest under applicable nonbankruptcy law determined as of the calendar month in which the Plan is confirmed.[2]

   B. **Secured Claims.**

   i. **General Provision:** Unless a lien (or right of setoff) is avoided, the holder of a claim secured by such lien (or right of setoff) will, to the extent set forth in Section 4(B)(vii) and Section 5 below, retain its lien (or right of setoff) as to such secured claim notwithstanding 11 U.S.C. § 1327(c).

   ii. **Cure of Default and Maintenance of Payments on Claims Secured by the Debtor's Principal Residence.** Arrears on such claims that were owed as of the petition date will be paid through the Plan in equal monthly amounts. The Debtor will directly pay outside of the plan payments that come due after filing of the petition beginning with the first payment due after filing the petition. **The portion of the claim to be paid directly by the Debtor outside the Plan will be governed by Section 4(B)(viii) below.**
   [✓] *None.* OR
   [ ] *Claims Listed Below:*

| Lienholder | Collateral | Estimated Prepetition Arrears | Estimated Monthly Cure Payment | No. of Months |
|---|---|---|---|---|
| -NONE- | | | | |

   iii. **Cure of Default and Maintenance of Payments on Allowed Claims Secured by Property OTHER THAN the Debtor's Principal Residence.** Arrears on such claims that were owed as of the petition date will be paid through the Plan in equal monthly amounts. The Debtor will directly pay outside of the plan payments that come due after filing of the petition beginning with the first payment due after filing the petition. **The portion of the claim to be paid directly by the Debtor outside the Plan will be governed by Section 4(B)(vii) below.**
   [✓] *None.* OR
   [ ] *Claims Listed Below:*

| Lienholder | Collateral | Estimated Prepetition Arrears | Estimated Monthly Cure Payment | No. of Months |
|---|---|---|---|---|
| -NONE- | | | | |

   iv. **Allowed claims described in the final paragraph of § 1325(a) of the Bankruptcy Code[3] to be Paid in Full Through the Plan.** The claims listed below are claims described in the final paragraph of § 1325(a) of the Bankruptcy Code and are to be treated as such. The Chapter 13 Trustee will pay the full amount of the allowed secured claim plus post-confirmation interest on the allowed secured claim as indicated below in equal monthly amounts. The Debtor's estimate below of the allowed secured claim (and estimate of the required monthly payments) shall not be controlling. A proof of claim must be filed for the claim to receive that treatment and an untimely proof of claim may be disallowed.

   [✓] *None.* OR
   [ ] *Claims Listed Below* will receive the full amount of the allowed secured claim (including any allowed pre-confirmation interest owed under nonbankruptcy law) plus post-confirmation interest on the allowed secured claim as indicated below in equal monthly amounts. The Debtor's estimate of the allowed secured claim (and estimate of the required monthly payments) shall not be controlling. A proof of claim must be filed for the claim to receive that treatment and an untimely proof of claim may be disallowed:

---

[2] *See* 11 U.S.C. § 511. A non-standard provision in Section 10 of this Plan may be needed if in a chapter 7 case some priority claims would be paid in full but some priority claims of a lower level of priority would not be paid in full in chapter 7.

[3] This so-called "hanging paragraph" applies to (1) debt incurred within 910 days of filing for bankruptcy that is secured by a purchase money security interest in a motor vehicle acquired for personal use of the Debtor, and (2) any debt incurred within one year of filing for bankruptcy that is secured by a security interest in any other collateral.

| Lienholder | Collateral | Estimated Allowed Secured Claim | Post-Confirmation Interest Rate | Estimated Monthly Payment | No. of Months |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

v. **Other Allowed Secured Claims to be Paid in Full through the Plan.** The Chapter 13 Trustee will pay the full amount of each allowed secured claim listed below plus post-confirmation interest on the allowed secured claim as indicated below in equal monthly amounts. The Debtor's estimate below of the allowed secured claim (and estimate of the required monthly payments) shall not be controlling. A proof of claim must be filed for the claim to receive that treatment and an untimely proof of claim may be disallowed.

☑ *None.* OR
☐ *Claims Listed Below:*

| Lienholder | Collateral | Estimated Amount | Post-Confirmation Interest Rate | Estimated Monthly Payment | No. of Months |
|---|---|---|---|---|---|
| **-NONE-** | | | per annum | | |

Allowed secured claims for taxes shall be paid post-confirmation interest at the rate of interest under applicable nonbankruptcy law determined as of the calendar month in which the plan is confirmed

vi. **Surrendered Collateral.** The Debtor will surrender the collateral listed below to the respective lienholder as listed below. To surrender collateral only means that the lienholder will be entitled to exercise its lien rights against the collateral under nonbankruptcy law. Any allowed unsecured claim of the lienholder will be treated as specified in Section 4(D) below (or Section 4(A) below if the allowed unsecured claim is one entitled to priority). Unless the Court orders otherwise, the lienholder may amend a timely filed proof of claim to assert a claim for an unsecured deficiency claim remaining after enforcement of its lien as follows: (a) an amended proof of claim asserting an unsecured deficiency claim for a claim for which the collateral was **real property** shall be filed within ____ days (no less than 180 days after entry of the confirmation order); (b) an amended proof of claim asserting an unsecured deficiency claim for a claim for which the collateral was **personal property** (that is, anything other than real estate) shall be filed within ____ days (no less than 60 days after entry
of the confirmation order). Upon Plan confirmation, the automatic stay and co-debtor stay of 11 U.S.C. §§ 362(a) and 1301 terminate, if not terminated earlier, as to enforcement of the lienholder's lien against the collateral listed:

☑ *None.* OR
☐ *Claims Listed Below:*

| Lienholder | Collateral |
|---|---|
| **-NONE-** | |

vii. **Secured Claims That Are to be Paid Outside of the Plan.** Check any applicable boxes:

☐ *None.* OR
☑ *Claims Listed Below.* The Debtor will pay directly outside of the Plan all secured claims that are listed below, including any unsecured portion of such claims. Any such claim will not be discharged and the holder of the claim shall retain its lien (or right of setoff) after completion of the Plan and entry of any discharge.

| Lienholder | Collateral |
|---|---|
| **Ditech** | 219 Aspen St. Alexandria Va |

SEE PARAGRAPH 10.

☐ *Claims Listed Below.* The Debtor will pay directly outside of the plan all secured claims that are listed below, but any unsecured portion of such a claim will be discharged upon the receipt of a discharge unless excepted from discharge under 11 U.S.C. § 1328 or some other statutory provision. The holder of the claim shall retain its lien (or right of setoff) after completion of the plan and entry of any discharge.

| Lienholder | Collateral |
|---|---|
| **-NONE-** | |

viii. **Trustee's Adjustment of Payments.** If the Trustee is holding more funds than those needed to make the payments under the Plan for any month, the Trustee may pay amounts larger than those listed in Sections 4(B)(iii), 4(B)(iv), and 4(B)(vi) pro rata.

    **C. Payments the Debtor Makes Directly to a Creditor Preconfirmation Under § 1326(a).**

Any preconfirmation payments a debtor makes directly to a creditor under 11 U.S.C. § 1326(a) shall reduce payments to be made to the Trustee under the Plan only if such creditor's claim is to be paid by the Trustee under the Plan.[4]

    **D. Unsecured Claims Not Entitled to Priority.**

Such claims (except those that are to be paid directly by the Debtor pursuant to another provision of this Plan) will be paid by the Trustee as follows (mark <u>one</u> box only):

☐ Pro Rata      ☑ 100%      ☐ 100% Plus **0** % Post-Confirmation Interest[5]

If there is more than one class of unsecured claims, list each class and how it is to be treated:

| Class of Unsecured Claims | Treatment |
|---|---|
|  |  |

**5. RETENTION OF LIENS.**

The holder of an allowed secured claim that the Plan provides will be paid by the Chapter 13 Trustee shall retain its lien if the holder is not paid the amounts that the Plan provides will be paid to the holder, and the holder shall also retain its lien securing the claim until the earlier of when:

    (a) the underlying debt, determined under nonbankruptcy law, is paid; or
    (b) the Debtor is granted a discharge pursuant to 11 U.S.C. § 1328.

If the case under Chapter 13 is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law. Such holder shall also retain its lien securing the claim to the extent that another provision of this Plan (see Section 4(B)(vii), above) provides for the retention of such lien. A claim (including any portion of a claim) secured by a lien:

    (a) for which no proof of claim is filed; or
    (b) that is disallowed because any and all proofs of claim filed were untimely

is not an allowed secured claim to be paid by the Chapter 13 Trustee under the Plan even if the Plan provides for the Chapter 13 Trustee to pay the claim as an allowed secured claim, and the holder of such a claim shall retain its lien. Section 4(B)(vii), above, provides for the retention of a lien when the Debtor will directly pay the claim secured by the lien, including any unsecured portion of the claim.

**6. DETERMINATION OF AN ALLOWED SECURED CLAIM UNDER 11 U.S.C. § 506 AND AVOIDANCE OF LIENS 11 U.S.C. § 522(f)**

The Debtor must make sure to list (1) the Debtor's estimate of the value of the collateral for a secured claim that will be paid through the Plan plus (2) any post-confirmation interest to be paid. A proof of claim must be filed before the Trustee makes payments on the secured claim and an untimely proof of claim may be disallowed. Any undersecured portion of such a claim shall be treated as unsecured.

    **A. Avoid a Lien (or Portion Thereof) Based on Valuation Under 11 U.S.C. § 506 by Separate Motion or Objection to Claim.**

Each holder of a claim listed below, for which a proof of claim is filed and not disallowed as untimely or on other grounds, will receive full payment of its claim up to the value of its collateral (reduced by the dollar amount of senior liens having priority over the holder's lien), with the below-specified post-confirmation interest, based on a value set by the Court pursuant to a separate motion, objection to claim, or adversary proceeding. The Debtor's estimate of value (and estimate of the required monthly payments) shall not be controlling.[6] If no separate motion, objection to claim, or adversary proceeding is filed to fix the value, the proof of claim shall fix the amount of the allowed claim that is an allowed secured claim as of the petition date.
☑ *None.* OR
☐ *Claims Listed Below:*

---

[4] Section 1326(a)(1)(B) and (C) deal with the debtor's obligation, unless the court orders otherwise, to make payments "(B) scheduled in a lease of personal property directly to the lessor that portion of the obligation that becomes due after the [commencement of the case]" and "(C) that provide[] adequate protection directly to a creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the [commencement of the case] . . . ." Those provisions contemplate a reduction of Plan payments required to be made to the trustee under § 1326(a) "by the amount so paid" under § 1326(a)(1)(B) or (C) upon "providing the trustee with evidence of such payment, including the amount and date of payment." If the Plan provides that the claim is not to be paid by the Trustee (for example, the claim is to be paid directly by the debtor), there ought not be a reduction of the payments that the Plan provides will be paid to the Trustee.
[5] When the Debtor is not contributing all net disposable income to the Plan, the Trustee or a creditor may request post-confirmation present value interest. In addition, if unsecured claims would be paid in full in chapter 7, post-confirmation present value interest is required.
[6] If the Debtor believes that the lien will be avoided in its entirety, the Debtor should list the estimated value as zero ($0).

| Lienholder | Collateral | Estimated Value | Post-Confirmation Interest Rate | Estimated Monthly Payment | No. of Months |
|---|---|---|---|---|---|
| | | | | | |

**B. Value a Claim or Avoid a Lien (That Impairs an Exemption) Under 11 U.S.C. § 522(f)[7] by Separate Motion or an Adversary Proceeding.**

Each holder of a claim listed below, for which a proof of claim is filed and not disallowed as untimely or on other grounds, will receive the following treatment based on a determination of the extent to which the lien may be avoided under 11 U.S.C. § 522(f), a determination to be made by the Court pursuant to a separate motion or adversary proceeding. The Debtor's estimate of the allowed secured claim (and estimate of required monthly payments) shall not be controlling.[8]

☑ *None.* OR
☐ *Claims Listed Below:*

| Lienholder | Collateral | Estimated Allowed Secured Claim | Post-Confirmation Interest Rate | Estimated Monthly Payment | No. of Months |
|---|---|---|---|---|---|
| -NONE- | | | per annum | | |

## 7. APPLICATION OF PAYMENTS ON ACCOUNT OF SECURED CLAIMS.

Payments made by the Chapter 13 Trustee on account of arrearages on prepetition secured claims may be applied only to the portion of the claim pertaining to prepetition arrears, so that upon completion of all payments under the Plan, the loan will be deemed current through the petition date.

## 8. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

**Rejection of Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are rejected (check one box, but only one box):

☑ None. OR
☐ All executory contracts and unexpired leases are rejected. OR
☐ The executory contracts and unexpired leases listed below are rejected:

| Lessor or Contract Holder | Subject of Lease or Contract |
|---|---|
| | |

Any claim for rejection damages pursuant to a rejection effected by this Plan must be filed within 60 days from entry of the order confirming this Plan.

**Preservation of Certain Leases and Executory Contracts.**
The following unexpired leases of residential real property and executory contracts (1) are neither assumed nor rejected by the Plan, (2) shall be unaffected by the bankruptcy case, and (3) the obligations thereunder shall not be discharged.[9]

| Lessor or Contract Holder[10] | Subject of Lease or Contract |
|---|---|
| | |

**Assumption of Executory Contracts and Unexpired Leases.** If the Debtor wishes to assume an executory contract or unexpired lease, that must be addressed under Section 10 of the Plan.

---

[7] Under 11 U.S.C. § 522(f) the Debtor may avoid a lien to the extent it impairs an exemption if the lien is a judicial lien or a nonpossessory, non-purchase money security interest in certain property.

[8] 8 If the Debtor believes that the entirety of the lien will be avoided, the Debtor should list the estimated allowed

[9] Unexpired leases of nonresidential real property under which the Debtor is the lessee and unexpired leases of personal property under which the Debtor is the lessee are not subject to this treatment. See 11 U.S.C. § 365(d)(4) and § 365(p)(3). However, the debtor and the lessor may agree to the lease continuing in effect despite any rejection pursuant to these provisions.

[10] If an executory contract or unexpired lease (1) is neither assumed nor rejected, and (2) is not listed here, this Plan leaves to the Bankruptcy Code and case law the effect of that on issues of whether (1) the executory contract or unexpired lease survives and (2) whether the obligations thereunder are discharged. However, the debtor and the other party may agree to have the lease or executory contract continue in effect despite being neither assumed nor rejected and not being identified in this part of the Plan.

**Treatment of Assumed Unexpired Leases and Executory Contracts.** If an unexpired lease or an executory contract is assumed pursuant to Section 10, and unless Section 10 provides otherwise: (1) any prepetition arrears will be treated as an administrative claim, and the other party to the executory contract and/or unexpired lease may file a timely proof of claim for the amounts owed as of the petition date, and (2) any amounts coming due postpetition shall be paid by the Debtor directly and will not be discharged.

## 9. REVESTING PROPERTY OF THE ESTATE.

Title to the Debtor's property shall revest in the Debtor when:

    (a) the Debtor is granted a discharge pursuant to 11 U.S.C. § 1328;
    (b) the Trustee files a notice of Plan completion if by reason of 11 U.S.C. § 1328(f) the Debtor cannot receive a discharge; or
    (c) the case is dismissed.

## 10. NON-STANDARD PROVISIONS.

**Any non-standard provision placed elsewhere in the Plan is void.** Any and all non-standard provisions are:

☐ *None.* OR
☑ *Non-Standard Provisions Listed Below:*

Non-Standard Plan Provisions

**Debtor shall sell his real property at 219 Aspen St., Alexandria VA within 4 years of filing and pay off the mortgage in full (including all arrears), as well as the remaining balance due under the plan so as to pay all allowed claims in full. Pending such sale, Debtor shall make adequate protection payments to the holder/servicer of that claim (Ditech) in the amount of the regular monthly mortgage payment (at present approximately $2275.55), and, after payment of administrative expenses and all other allowed claims in full, Trustee shall pay $1080 per month, plus any additional funds on hand, in additional adequate protection payments to Ditech/NewRez t/a Shellpoint.**

## 11. SIGNATURES.

The Debtor's signature below certifies that the Plan provisions above are all the terms proposed by the Debtor, and the Debtor has read all the terms. The signature below of the Debtor and Debtor's Counsel, if any, also certifies that the Plan contains no non-standard provision other than those stated in Section 10 above.

Date: 4/29/2021

/s/ Mark Fam
Mark Fam
Debtor

/s/ Daniel M. Press
Daniel M. Press 419739
Attorney for Debtor(s)

Joint Debtor

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing plan was mailed to the parties listed below and to all creditors as listed on the mailing matrix in this case on the date of the plan, 5/12/2021.

Rebecca Herr, Chapter 13 Trustee
185 Admiral Cochrane Drive #240
Annapolis, MD 21401

IRS Centralized Insolvency
POB 7346
Philadelphia, PA 19101-7346

IRS Chief Counsel
455 Mass. Ave. NW #500
Washington, DC 20001

DC Tax & Revenue
1101 4th St. SW, 6th FL
Washington, DC 20024

Attorney General for the District of Columbia
441 4th St. NW
Washington, DC 20001-2714

U.S. Attorney
DC Civil Division Financial Litigation
555 4th St. NW
Washington, DC 20530

Child Support Services Division
Office of Attorney General
441 4th St. NW, 5th FL
Washington, DC 20001


      **/s/ Daniel M. Press**
Name of Signer: **Daniel M. Press 419739**

```
Label Matrix for local noticing          DITECH FINANCIAL LLC                      NewRez LLC d/b/a Shellpoint Mortgage Servici
0090-1                                   BWW Law Group, LLC                        BWW Law Group, LLC
Case 19-00003-ELG                        6003 Executive Blvd. Suite 101            6003 Executive Blvd, Suite 101
United States Bankruptcy Court for the Distri   Rockville, md 20852-3813           Rockville, MD 20852-3813
Washington, D.C.
Wed May 12 14:24:18 EDT 2021

U. S. Trustee for Region Four            Washington, D.C.                          Capital One Bank (USA), N.A
U. S. Trustee's Office                   E. Barrett Prettyman U. S. Courthouse     P.O. Box 71083
1725 Duke Street                         333 Constitution Ave, NW #1225            Charlotte, NC 28272-1083
Suite 650                                Washington, DC 20001-2802
Alexandria, VA 22314-3489

Capital One Bank (USA), N.A.             Ditech Financial LLC                      Ditech Financial Services
by American InfoSource as agent          P.O. Box 6154                             PO Box 94710
PO Box 71083                             Rapid City, SD 57709-6154                 Palatine, IL 60094-4710
Charlotte, NC  28272-1083


Mercury Card Services                    New Residential Mortgage LLC              Volvo Car Financial Services
PO Box 84064                             P.O. Box 10826                            PO Box 91300
Columbus, GA 31908-4064                  Greenville, SC 29603-0826                 Mobile, AL 36691-1300



Volvo Car Financial Services US, LLC     Volvo Car Financial Services US, LLC      Daniel M. Press
c/o Weltman, Weinberg & Reis Co LPA      c/o Weltman, Weinberg & Reis Co LPA       Chung & Press, P. C.
323 W. Lakeside Ave Suite 200            965 Keynote Circle                        6718 Whittier Ave.
Cleveland OH 44113-1009                  Brooklyn Heights, OH 44131-1829           Suite 200
                                                                                   McLean, VA 22101-4531

Mark Fam                                 Rebecca A. Herr
c/o International Regulatory Law Group   185 Admiral Cochrane Dr
1629 K St, NW                            Ste 240
Suite 300                                Annapolis, MD 21401-7623
Washington, DC 20006-1631
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)New Residential Mortgage LLC          (u)NewRez LLC d/b/a Shellpoint Mortgage Servi   End of Label Matrix
                                                                                         Mailable recipients    16
                                                                                         Bypassed recipients     2
                                                                                         Total                  18
```